16839

STATE v. CLAMP
(80 S. E. (2d) 512)

*Messrs. Harold Major,* of Anderson, and *R. B. Hildebrand,* of York, *for Appellant,*

*Rufus Fant, Esq., Solicitor,* of Anderson, *for Respondent,*

March 8, 1954.

BAKER, Chief Justice.

The appellant was tried in the Court of General Sessions for Anderson County on the 21st day of May, 1953. The trial was upon an indictment found by the Grand Jury of said County during the September, 1952, term of said Court. The indictment charged appellant with burglary in the first Count, armed robbery in the second Count, and receiving stolen goods knowing same to have been stolen of the value of over twenty dollars, in the third Count; and alleged that said offenses were committed on April 4, 1952. The result of the trial was that the appellant, Julian Clamp, was found guilty on the third Count and was sentenced to a term of two years to commence at the expiration of any other sentence pending against him.

After the rendition of the verdict appellant moved the Court for a new trial. By order dated June 5, 1953, the motion was denied.

The appellant having been found not guilty on Counts 1 and 2 of the indictment, that is, of burglary and armed robbery, we are unable to perceive the relevancy of Exceptions one through four, and eight and nine. The jury evidently didn't believe the testimony of the witness Gene Jennings, nor are we impressed with it. The remaining Exceptions, 5, 6 and 7, will be discussed together and not seriatim. They are:

"5. That the Court erred in refusing Appellant's Motion for Directed Verdict on the entire testimony made at the close of the case.

"6. That the Court erred in refusing to charge the Jury when they came out and asked for additional instructions on the charge of receiving stolen goods as to the fact that they should have returned a verdict finding the value of the goods in question.

"7. That the Court erred in refusing Defendant's Motion for New Trial on the ground that there was no evidence of receiving stolen goods."

There is testimony on behalf of the prosecution that the appellant had been in the possession of a watch which had been taken from the possession of W. L. Casey and his sister when they were robbed in the home occupied by them, and that appellant had given this watch to a boy within several weeks after the date of the robbery. While not admitting, but at all times denying that this was the watch taken from the prosecutors, yet the appellant admitted the possession of the watch given the boy, and gave a rather weak explanation of its having been pawned to him by a strange man for the sum of $2.00 in cash and one-half pint of liquor, the appellant owning a liquor store. According to the testimony of the Sheriff of Anderson County, when he questioned appellant about his source of possession, appellant made the same statement as to how he came into possession of the watch as in the trial, but stated that no one witnessed the deal, whereas in the trial he gave the names of two persons who he claimed were present when he acquired the watch, and these two persons corroborated the appellant's statement as to a watch having been pawned to him in their presence; one of them stating it was a watch "just like" the Casey watch, the other that he didn't know if it was this particular watch.

Neither on the motion for a direction of verdict of not guilty, nor in the motion for a new trial did appellant raise the issue that the testimony was insufficient to support the inference that he knew the property was stolen at the time he received the same. And there was at no time any request made of the trial Judge to charge or instruct the jury as to a finding of the value of the watch. The issue of the value of the watch was injected into the case by the appellant for the first time upon the motion for a new trial.

When the jury came out and asked the trial Judge as to the punishment which could be meted out for receiving stolen goods, and he read only that portion of the statute which related to property of the value of $20.00 or over, which he had theretofore done in his general charge, if the appellant

desired a finding by the jury as to the value of the watch, he should have, at least at that time, requested the trial Judge to read the *proviso* in the statute to the jury.

If this had been done, and the trial Judge had failed to comply with such request, it would present a very serious question, because it is very doubtful if the true value of the watch has been proven to be as much as $20.00. The only direct testimony as to the value of the watch is in that of W. L. Casey, one of the victims, and is as follows: "Q. What would you say the value of this watch is? A. I wouldn't put no value on it, my father gave it to me.

"Q. Is it worth more to you than anybody else? A. Yes, sir.

"Q. Well, put some value on it. Is it worth $100.00? A. I wouldn't say it was worth that much.

"Q. Is it worth over $20.00? A. Yes, sir, it is worth much more than that to me." In addition to this, the watch, a double case gold one, was in evidence. The testimony was to the effect that Mr. Casey often "wore" the watch, and the presumption is that it kept reasonably accurate time, and was therefore in good repair. The watch having been given to Mr. Casey by his father, it naturally had sentimental value to him, but the true test was its commercial value.

In the light of the record, we cannot say as a matter of law that any of appellant's Exceptions should be sustained.

Affirmed.

STUKES, TAYLOR and OXNER, JJ., and T. B. GRENEKER, Acting Associating Justice, concur.